■ In the Matter of NEW YORK STATE HOUSING FINANCE AGENCY EMPLOYEES' ASSOCIATION et al., Respondents, v NEW YORK STATE HOUSING FINANCE AGENCY et al., Appellants.— Order, Supreme Court, New York County (Charles E. Ramos, J.), entered December 18, 1991, which granted petitioner's motion for a preliminary injunction in connection with an arbitrable controversy, to the extent of directing that petitioner's members may absent themselves from work on December 24, 1991 on condition three days written notice is provided to their appropriate supervisors and subject to a final award by the arbitrator, unanimously affirmed, without costs.

Respondents' argument that there was no arbitrable controversy since grievance procedures had not yet been exhausted and a demand for arbitration not yet served is at odds with the plain purpose of CPLR 7502 (c) to preserve the status quo so as to insure that an arbitration award will not be rendered ineffectual. Given the time frames of the grievance procedures, no award could have been rendered by December 24, 1991. Nor was petitioner guilty of laches for not immediately commencing a grievance proceeding upon receipt of the 1991 vacation schedule, since negotiations for the 1991 contract were then ongoing which might have settled the dispute. The manner in which the agreement extending petitioner's time to grieve the issue was carried out further demonstrates that

petitioner was not guilty of unreasonable and inexcusable delay in enforcing its rights resulting in prejudice to respondents.

Finally, respondents' rights were adequately preserved by allowing them to "dock" petitioner's members who did not work on December 24, 1991, subject to restoration of the docked time or money should the arbitrator so decide. No further undertaking was required. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Kassal, JJ.